UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS E. SMITH,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, et al.,

                    Defendants.

21-CV-6833 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, District Judge:

     The plaintiff, currently incarcerated at Cayuga
Correctional Facility, brings this pro se action under 42 U.S.C.
§ 1983. He alleges that in September 2019, the defendants
falsely arrested him following an incident at a Rite Aid
Pharmacy ("Rite Aid") in Manhattan, and then maliciously
prosecuted him on charges that were eventually dismissed. The
plaintiff also asserts claims of falsification of evidence and
excessive force. He names as Defendants the City of New York,
the New York City Police Department ("NYPD"), NYPD Officer
Elija, a John Doe Rite Aid employee, a John Doe Theft Prevention
Security Guard, and Theft Prevention Security Guard Service.

     By an Order dated September 24, 2021, the Court granted the
plaintiff's request to proceed without prepayment of fees, that
is, in forma pauperis ("IFP").[1]

---

[1] Prisoners are not exempt from paying the full filing fee
even when they have been granted permission to proceed IFP. See
28 U.S.C. § 1915(b)(1).

I.

Because the plaintiff has been granted permission to proceed IFP, he is entitled to rely on the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (if the plaintiff is authorized to proceed IFP, then the court must order that service be made by the Marshals Service or by someone specially appointed by the court).

Although Federal Rule of Civil Procedure 4(m) generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, the plaintiff is proceeding IFP and therefore could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. Accordingly, the time for service is extended until 90 days after the date the summons is issued. If the complaint is not served within that time, the plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to

2

effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow the plaintiff to effect service on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the City of New York.

The plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if the plaintiff fails to do so.

## II.

A pro se litigant is entitled to assistance from the district court in identifying a defendant. Cf. Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, the plaintiff supplies sufficient information to permit the NYPD to identify (1) Officer Elija's full name and (2) the full name of the NYPD supervisor who, on either September 18, 2021, or September 19, 2021, directed Officer Elija to arrest the plaintiff. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, ascertain the identity and badge number of these two defendants

3

and the addresses where they may be served. The Law Department
shall provide this information to the plaintiff and the Court
within sixty days of the date of this order.

The plaintiff also supplies sufficient information to
permit Rite Aid Pharmacy to identify (1) the John Doe employee
who, on either September 18, 2021, or September 19, 2021,
interacted with the plaintiff at the Rite Aid immediately
preceding his arrest; and (2) the John Doe security guard who
alleged that the plaintiff brandished a weapon. It is therefore
ordered that Rite Aid ascertain the identities of these
individuals and the addresses where they may be served. It is
also ordered that Rite Aid identify the full name of Theft
Prevention Service Guard Service, the entity that provided Rite
Aid with the John Doe security guard, and the address where it
may be served. Rite Aid must provide this information to the
plaintiff and the Court within sixty days of the date of this
order.

Within thirty days of receiving this information, the
plaintiff must file an amended complaint naming the Doe
Defendants.[2] **The amended complaint will replace, not supplement,
the original complaint.** An amended complaint form that the

---

[2] The plaintiff did not name the NYPD Supervisor. If the
plaintiff does not intend to sue the NYPD Supervisor, he is not
required to add this individual in the amended complaint.

plaintiff should complete is attached to this Order. Once the plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

Finally, the plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. "[A] plaintiff is generally prohibited from suing a municipal agency. Instead, the City is generally the proper defendant when a plaintiff seeks to bring an action pursuant to the official acts and/or inaction of an agency of the City." Emerson v. City of New York, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) (citations omitted); see also N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007). The claims that the plaintiff apparently intends to assert against the NYPD are properly asserted against the City of New York, and the plaintiff has already named the City of New York as a defendant.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to the plaintiff, together with an information package. An Amended Complaint form is attached to this order.

The Clerk of Court is further instructed to issue a summons as to the City of New York, complete the USM-285 forms with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007, and Rite Aid Pharmacy at: 2170 Frederick Douglass Blvd., New York, NY 10026.

**SO ORDERED.**

**Dated:**     **New York, New York**
               **October 4, 2021**

JOHN G. KOELTL
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

New York City
New York City Law Department
100 Church Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                        -against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)


**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                        State                        Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                  Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                  Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                  Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                  Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


_____          _____
Dated                                                          Plaintiff's Signature

_____
First Name                         Middle Initial            Last Name

_____
Prison Address

_____
County, City                                      State                        Zip Code


Date on which I am delivering this complaint to prison authorities for mailing:  _____