United States District Court
Southern District of New York

Thomas E. Smith, Plaintiff-pro se

                         Complaint/Amended complaint

         V.            Jury Trial Demanded

Defendant #1. The City of New York,   21-CV-6833 (JGK)(SDA)
Defendant #2. Rite Aid,
Defendant #3. John A. Mariduena, NYPD
Defendant #4. Robert Coppola, NYPD, Sgt.
Defendant #5. Eilja Doe, NYPD
Defendant #6. Security Resources International, Inc.
                  Defendants.

Being sue Individually And in their official capacities:

## Plaintiff's First Amended Complaint:

**1. Jurisdiction and Venue:**

This Court has Jurisdiction over this action under 28 U.S.C. Section 1331 and 1343(3) and (4). The matters in Controversy arise under 42 U.S.C. Section 1983.

2. Venue properly lies in this district pursuant to 28 U.S.C. Section 1391(b)(2), because the events giving rise to this cause of action occurred at Rite Aid, Inc ("Rite Aid") in New York County

which is located within the Southern District of New York.

## PARTIES

3. <u>Plaintiff</u> Thomas E. Smith was, at Liberty at the time of the events relevant hereto at 219 East 97th Street, Apt-14-D, New York, New York 10029, on October 13, 2019.

4. <u>The City</u> of New York was, at all times relevant hereto Manages, Supervisors New York City Police Department, and it's day-to-day operation and executes its rules, Policies.

5. <u>Defendant #2</u>. Rite Aid, Inc was, at all times relevant hereto, Management, Supervisor at 2170 8th ave New York, New York 10026, who retained Security Resources Int.

6. <u>Defendant #3</u>. John A. Mariduena is an New York City Police Officer with the Rank of Officer, who at all times relevant hereto was assigned to the 28 pct. on October 13, 2019, WHEN NYPD Police Officer Eilja, used excessive force by excessively applying handcuffs tight who was involed in Plaintiff arrest.

7. <u>Defendant #4</u>. Robert Coppola is an New York City Police Officer with the Rank of Sergeant, who at all times relevant hereto was assigned to the 28 pct., and was involved in the Incident occurring on october 13, 2019, who gave orders for the Plaintiff arrest to NYPD Officer Mariduena, and NYPD Officer Eilja, that was unlawful.

8. <u>Defendant #5</u>. Eilja Doe is an New York City Police officer with the Rank of officer, who at all times relevant hereto was assigned to the 28 pct. that on October 13, 2019, Officer Eilja used excessive force without cause, by applying handcuffs excessively upon the Plaintiff.

9. <u>Defendant #6</u>. Security Resources International, Inc was, at all times relevant hereto was, retained by Rite Aid Inc to provide Security Guard Services at 2170 8th ave N.Y. N.Y. That on October 13, 2019, had made false complaint that Plaintiff pulled an gun out on one of it's employees.

## Statement of FACTS:

10. That on October 13, 2019, at approx 17:30pm the Plaintiff went shoping at Rite Aid Inc located at 2170 8th ave New York, NY 10026 in New York County. Before Plaintiff had entered, he sees an old assoicate who is not an Plaintiff in this action, named Mr. ALI where we both entered into Rite Aid Inc to Shop.

11. However, upon entering Rite Aid Inc the Plaintiff saw an New York post that got his attention, and stoped to read it while my assoicate Mr. ALI continue on to shop for whatever he went to buy.

13. As the Plaintiff was reading the news paper, Plaintiff heard loud voices coming from the Pharmarcy area... At that time Plaintiff stops reading the news paper, and began walking towards the loud voices to see what's taking place.

14. And as Plaintiff got closer to where the loud voices were, Plaintiff hear his associate ALI say to the Security Guard don't put your hands on me. As Plaintiff came upon them in aisle #2, Plaintiff observed the Security Guard putting his hands on Mr. ALI, and at that time Plaintiff, said to the Security Guard, dont put your hands on my friend, can't you see that he is handicap? Mr. ALI walks with an cane.

15. At that time Plaintiff takes his friend by the arm, and began walking towards the front door too depart from Rite Aid, Inc. and the Security Guard.

16. When the Plaintiff and his friend Mr. ALI depart, some ten mintues later while we was walking down 116th Street between 8th & 7th Ave in the County of New York, the Plaintiff & MR. ALI were stoped by Defendant #3 John Mariduena, NYPD Police officer, Defendant #5 Eilja Doe, NYPD Police officer

and some 20 other New York City police officers with their guns drawn and pointed at the Plaintiff & my friend MR.ALI, stating put your Fucking hands up... Where is the Fucking Gun in front of some 40 to 60 bystanders watching on october 13, 2019, at approx. 1:00pm.

17. The Plaintiff and his friend Mr.ALI was pat frisked by Defendant #3 officer Maridunea, Defendant #5 Officer Eilja, and other unknown officers searching for a gun that was called into New York City Police dispatcher by Rite Aid Inc, and Security who upon information and belife stated that Plaintiff had pulled out a gun while shoping at Rite Aid!!! upon an employee.

18. Thereafter, Defendant #5 Officer Eilja after searching the Plaintiff didn't recover any gun or weapons as stated by Rite Aid inc.

19. The Plaintiff while handcuffed tightly from behind over heard Officer Eilja state to his supervisor (Sergrant Coppola) that no gun or weapons was found on or near the Plaintiff, and at that time (Sergrant Coppola) Ordered Officer Eilja to return to Rite Aid Inc. and reveiw any and all video footage to see if and fact Plaintiff had pulled out a gun on Security

P.#6

Guard or Rite Aid employees.

20. Upon defendant #5, Officer Eilja returning to the scene 15 minutues later, officer Eilja stated to his supervisor defendant #4 (Sgt. Coppola) that after reveiwing video footage at Rite Aid, it didn't show Plaintiff had pull out a gun upon employees as alleged by Rite Aid management to the 911 dispatcher nor dose it show Plaintiff stoles anything as well... This is what was stated by officer Eilja to (Sgt. Coppola) his Supervisor, But Plaintiff was still unlawfully put under arrest on the orders of (Sgt. Coppola) on false Charges of petited Larceny and menixing Unlawfully.

21. Because of these false Claims made against Plaintiff by Rite Aid Supervisor, Security Resurces International Inc. Supervisor on october 13, 2019, the Plaintiff was unlawfully, wrongfully Charged with Crimes he never committed. In violation of his Federal Constitutional rights. 4th, 8th, and 14 Amendment U.S.C.

22. This case was dismissed on october 23, 2020, in favor of the Plaintiff by New York State Supreme Court Judge, In New York County.

23. Furthermore, defendant #2, Rite Aid Inc., defendant #6, Security Resurces International Inc. all Conspired with each other on october 13, 2019, making false Claims against the Plaintiff

24. that he had pulled out an Gun, and then Communicated these false allegation to New York City police dispatcher who than Communicated this false Information by Radio to New York City police officers on duty who also conspired to deprive the Plaintiff of his Fourteenth Amendment rights to be free from the deprivation of Plaintiff's liberty without an lawful right to do so.

25. When defendant #5. arresting officer Elija, Confined the Plaintiff to a Central Booking processing cell for (38 hours) on false charges of Petted Larency, Mercidiry based upon allegation made by defendant #6. Security Resources International Inc., defendant #7. Rite Aid Inc.

26. The Plaintiff 17 year old daughter who is now 21 years old suffered severe mental and Emotional distress a lorg with other plights because of this unlawful arrest made against her father! In violation of my Constitutional Rights under the 14th, 8th, 5th, Amendment.

27. She knew that her father Just did Ten years Incarcerated when she was only seven years old, and Thinking her father will be taken away again has caused the Plaintiff daughter a lot of stress.

~~Defense~~, the Plaintiff family was affected as well because the Plaintiff parole officer violated Plaintiff based on these false allegation made against Plaintiff, but more importantly, the mother of my 21 year old went into an Mental and Emotional breakdown as a result of this false arrest among other things.

28. The Paintiff suffered mental and Emotionally as a result of the unlawful, wrongful false arrest that occurred on october 13, 2019. The fact that Plaintiff parole officer put him back in Jail because of this matter, that subjected the Plaintiff of not being with his daughter and family because of these false allegation made against him on october 13, 2019, was very emotional, and the fact Plaintiff's liberty was taken without any lawful right to do so, was arbitary and caprictious in violation of my federal Constitutional rights under New York state law.

29. Upon the Plaintiff being arrested by New York City Police officer Elija, ~~defendant #5~~, and his partner New York City Police officer Mariduena violated Plaintiff's Eighth Amendment rights when these defendants tighten the handcuffs to the point that Plaintiff circulation was

affected, where the Plaintiff now has "Carpal Tunel" in both his wrists, fingers, hands... And was falsfully pushed to the ground, without an lawfully right.

29. The Plaintiff is still affected by the handcuffs being tightened, where he don't have full circulation in his left hand, right hand as well as Plaintiff fingers. It has become very painful in both Plaintiff's hands and his fingers, because of the lack of full blood flow and circulation because of arresting officer, Elija, and defendant #3. arresting officer Mariduena, unlawful actions, useing etecessive force in arresting the Plaintiff on october 13,2019, in New York Canty.

30. The Plaintiff respectfully asked defendant #5., arresting officer Elija to losen the handcuffs because they are very tight! his reply was shut the fuck up motherfucker. Upon being transported to the 28 pct., the Plaintiff asked the desk Sgt. to please tell officer Elija to loosen the cuffs they are very tight to the point my circulation is cut off, and both my hands and fingers are numb. Desk Sgt. reply was, shut your fucking mouth, put this ass hole in the pen where the fuck he belongs.

#10.

31. The Plaintiff Eighth Amendment rights were violated when the arresting officer Elija, arresting officer Mariduena Continue to cause pain thereafter Plaintiff was placed in holding cell while still rear cuffered for approx. 3½ hours that caused circulation to be cut off, and both hands, Finger's went numb.

32. At this point, Plaintiff is still asking Respectfully to have the Cuffs loosen or taken off while in the cell of the 26th pct. but my pleads where unanswered. Defendant's arresting officer Elija finally came to the holding cell some 3½ hours later to take the plaintiffs finger prints, is the only reason that the Cuffs were removed for that purpose only or the Cuffs would have remained tight.

33. That on october 13, 2019, the plaintiff was transported to Central Bookings by defendant #5. Officer Elija, defendant #3. Officer Mariduena for processing, violated my Eighth Amendment Rights by Maliciously Tightened the HandCuffs to the point plaintiff Circulation was cut off, and now based on Medical facts, Plaintiff has "Carpal Tunnel" in both his hands because of defendant's unlawful actions. When defendant's Officer Mariduena, Officer Elija appled the handcuffs tight was in fact use of force, and the Supervising officer Sgt. Coppola did not intervene.

~~34.~~ That on October 13, 2019, Rite Aid defendant #2., Security Resources Internatal Inc., defendant #6., violated the plaintiff's Eighth ~~Amendment Rights by failing to protect~~ plaintiff's from what defendants knew or should have known the actions of defendant #3. Officer Mariduena, Officer Elija, defendant #5. When it was stated to 911 dispatcher of a gun being pulled out on Rite Aid Inc. and Security Resources Internatal Inc. defendants at 2170 8th Ave, New York, N.Y. 10026.

35. That on October 13, 2019, Rite Aid defendant, Security Resources International Inc. defendant, And Sgt. Coppola Supervisors, violated plaintiff's Eighth Rights, Fourteeth Amendment Rights, Fourth Amendment Rights by conspiring with each other to take the plaintiff's liberty based upon false allegation made by defendant Security Resources International Inc. hired by Rite Aid defendant.

36. That on October 13, 2019, The City of New York defendant #1., Rite Aid Inc. defendant #2., Security Resources International Inc. defendant #6 has created a policy and custom which is unconstitutional. The defendants was grossly negligent in supervising their subordinates defendant #3., defendant #5., defendant #2., defendant #6. Who committed the wrongful acts on the plaintiff.

#12.

37. That on october 13, 2019, these defendants exhibited delibrate Indifference to the plaintiffs Rights of the plaintiff, by failing to act on information Indicating that unconstitutional acts was occurring with defendant #6. Security resources International Inc., where they would make false allegation as in this case, and that Customs was shoplifting (Black).

38. These unconstitutional acts were enforced by defendant #6. Security resources International Inc, also defendant #5. Officer Elija, Officer Mariduena defendant #3., defendant #2. Rite Aid Inc. and employees on october 13, 2019, at 2170 8th ave New York, N.Y.

39. That on october 13, 2019, defendant #5. Officer Elija, defendant #3. Officer Mariduena, and Sgt. Coppola their Supervisor violated the plaintiff's Eighth Amendment Rights when these defendant applyed an tightened the handcuffs upon the Plaintiff and the Supervising officer Sgt. Coppola did not Intervene.

40. That prior to this unlawful arrest on october 13, 2019, the Plaintiff was an Barber who trained other barbers was how he made his income. But now the injuries to both my hands, wrisks and fingers caused by the tighten handcuffs has Constricted and

41. affected the Blood flow, Circulation along with having Carpal Tunnel because of the use of force by both defendant's officer Elija, ~~officer Mariduena, when plaintiff was~~ wrongfully, unlawfully arrested on false charges on october 13, 2019. The Plaintiff know longer can return back to being an self employed Barber because of these injuries substented by the defendants.

42. <u>CAUSE of ACTIONS:</u>

(A) defendant #5, officer Elija, defendant #3, officer Mariduena, violated Plaintiff's Eighth Amendment Rights by applying handcuffs so tight, it cut the blood flow and Circulation off, and defendant #4. Sgt. Coppola Supervising officer did not intervene.

(B). defendant #5. officer Elija, defendant #3. officer Mariduena violated the Plaintiff's Eight Amendment Rights when they tightened the Handcuffs to the point that the Plaintiff now has Carpal Tunnel because of this unlawful acts of use of force.

(C) Rite Aid Inc. defendant Supervisors, Security Resources Internat Inc. defendant Supervisors, defendant's officer Elija, officer Mariduena and employees violated Plaintiff's Eighth Amendment

#14.

Rights and his Fourteenth Amendment Rights, by conspiring to subject him to Jail on prejudice policy, practices, Customs as well as false Charges made by Rite Aid defendant Supervisors, and Security Resources International Inc. Supervisors on october 13, 2019.

43. The pain and suffering, numbness that the Plaintiff is affected with was the result of defendant officer Elija use of force applying the handcuffs far to tight but to only cause pain.

44. Upon information and belief, Rite Aid Inc. defendant, Security resources Internatal Inc. defendant Supervisors has created an prejudice policy, Custom, and Practices that are towards Black Customers who shop at their store 2170 8th Ave, New York, N.Y.

45. The supervising Rite Aid Inc. defendant, and Security resurees Intenal Inc. defendant failed to properly train their employees who has on october 13, 2019, enforced unconstitutional Policy, Practices, and Customs, where the management is hands on first questions later upon black Customs they think or suspect of shoplifting... Violated the Plaintiff's Federal Constitutional Rights under that Policy, Custom and Practices.

#15.

46. <u>Supervisory Liability:</u>
The defendants' The City of New York, Rite Aid Inc., Security resources Internatal Inc., Sgt. Coppola paticipated directly in the alleged Constitutional violation; Created a Policy and/or Custom under which unconstitutional Practices has occurred on october 13, 2019, and/or allowed the Continuance of Such Policy or Custom has violated the Plaintiff's Federal Constitutional Rights under New York State Law.

47. <u>Prayer for Relief:</u>
1. Plaintiff request an order declaring that these defendants' have acted in violation of the United States Constitution.
2. Plaintiff request $30,000 ea. for Past medical expenses against defendants' Officer Elija and Officer Mariduena
3. Plaintiff request $40,000 ea. for Future medical expenses against defendants' The City of New York, Rite Aid Inc., Security resources Internatal Inc., Sgt. Coppola
4. Plaintiff request $100,000 ea. pain and Suffering and punitive damages against these defendants.

Wherefore, Plaintiff prays for a Judgement in his favor and damages in his favor against all defendants' named in this complaint in the amount sufficient to compensate the plaintiff for the pain and suffering, mental anguish suffered by him due to the use of force, and deliberate Indifference and Intentional Misconduct of Officer Mariduera, Officer Elija, and Sgt. Coppoli, but in no event less $300,000, together with fees and costs, and such additional relief as the Court may deem just and proper.

Dated: 9-15-2022
New York, N.Y.

Respectfully Submitted,
Thames E. Solo
249 East 97th Street, 14-D
New York, New York 10029

CC: sent to the following:
The City of New York   Security Resources Intercontinental Inc.
Law Department
100 Church Street
New York, N.Y. 10007

Seth B. Rubine, ESQ
201 West Passaic St. Suite 203
Rochelle Park N.J. 07662

I, Thomas E. Smith, declare, pursuant to 28 U.S.C. 746, under penalty of perjury that on September 2022, I mailed the Annexed "First Amended Complaint to The City of New York, defendant, Rite Aid Inc. defendant, Security Resources Internatal Inc. defendant in the matter Thomas E. Smith v. City of New York, et al., 1:21-CV-06833(JGK)(SDA) by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office depository under exclusive care and custody of the United States Postal Service, within the State of New York, directed to defendants' at the address set forth below, being the address designated by defendants' for that purpose.

Dated: New York, New York
       September    , 2022

                              /s/ Thomas E. Smith
                              Pro Se, 219 East 97th Street,
                              H-D, New York, New York
                              10029

CC:

Mr. Thomas E. Smith, Plaintiff
219 East 97th St, Apt# 14-D
New York, New York 10029

September 12, 2022

Court Clerk
United States District Court
Southern District of New York
500 Pearl St
New York, N.Y. 10013

Thomas Smith v. The City of New York et al.,
21-CV-6833 (JGK)(SDA)

Dear Clerk,

Please find enclosed with this letter the Plaintiff's Amended Complaint 42 U.S.C. 1983 with all supporting paper. Also, the plaintiff has served all the defendants in this matter.

Very Truly Yours,

/s/ Thomas

CC: Sgt. Robert Coppola
Elite New York City Police Dept.
The City of New York
Law Department
100 Church St.
New York, N.Y. 10007

Seth Rubine, ESQ
201 West Passaic, Suite 103